UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

| | |
|---|---|
| CHRISTOPHER VITANZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN REEF CLUB, INC., a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 4:15-cv-10020<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CHRISTOPHER VITANZA** ("**VITANZA**"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA), Fla. Stat. §440.205 and Fla. Stat. §40.271 for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, and (3) unlawful retaliation in violation of Fla. Stat. §440.205.

### PARTIES

2. The Plaintiff, **CHRISTOPHER VITANZA** ("**VITANZA**") is an individual and a resident of Florida who at all material times relevant to this action resided in Monroe County, Florida. **VITANZA** was an employee of the Defendant in Monroe County, Florida.

1

3. Defendant, **OCEAN REEF CLUB, INC.** ("Defendant") is a Florida corporation with a principal place of business located at 35 Ocean Reef Drive, Suite 200, Key Largo, Florida 33037, which employed **VITANZA** at its clubhouse restaurant.

4. At all material times, the Defendant employed more than fifty (50) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **VITANZA**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Monroe County, Florida, which is within the Southern District of Florida. Venue is proper in the Key West Division since Monroe County is within the Key West Division.

## GENERAL ALLEGATIONS

8. **VITANZA** was hired by the Defendant on or about November 1, 2011 as a pastry chef.

9. **VITANZA** always performed his assigned duties in a professional manner and was very well qualified for his position.

10. On or about February 12, 2013, **VITANZA** suffered a workplace injury, which the Defendant was immediately made aware of.

11. Specifically, **VITANZA** attended at the Defendant's worker's compensation medical center to seek treatment for his injured right shoulder.

2

12. Following several treatments in the weeks that followed, **VITANZA**'s injury had not improved and a worker's compensation claim needed to be formally opened.

13. However, the Defendant failed to promptly report the worker's compensation claim.

14. This caused **VITANZA** to attempt to file the worker's compensation claim on his own, which process the Defendant interfered with by refusing to provide information and paperwork that was required to perfect the worker's compensation claim.

15. After weeks of the Defendant refusing to permit **VITANZA** to have an MRI of his shoulder, the Defendant finally relented and consented to the same on March 6, 2013.

16. On March 14, 2013, **VITANZA** underwent an MRI to diagnose the precise nature of his shoulder injury.

17. The results of the MRI were that **VITANZA** had suffered seriously torn rotator cuff that required prompt surgical repair. As a result, **VITANZA** was scheduled for surgery was scheduled for May 2013.

18. As a result, **VITANZA** immediately communicated his need for FMLA leave to his supervisor. This communication was made on March 14, 2013, which communication included the MRI report that showed his need for surgery.

19. On March 18, 2013, the Defendant called **VITANZA** in for a meeting to discuss his injury report. **VITANZA** was then informed that his request for medical leave was denied and that he was being terminated.

20. **VITANZA** suffers from impairments of a major bodily function, specifically complications of the musculo-skeletal system and neurological system as the result of a

workplace injury that occurred on February 12, 2013, which culminated in required medical leave.

21.     **VITANZA**'s impairments resulting from his workplace injury qualify as a serious health condition under the FMLA.

22.     **VITANZA** always received good to very good performance reviews from his supervisors prior to his need for medical leave due to his worker's compensation injury.

23.     As a direct and proximate result of **VITANZA**'s need to for medical leave for his workplace injury, the Defendant terminated his employment.

### COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

24.     The Plaintiff hereby incorporates by reference Paragraphs 1-23 in this Count by reference as though fully set forth below.

25.     **VITANZA** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he himself began suffering from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

26.     **VITANZA** informed the Defendant of his likely need for leave for his own serious health condition.

27.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

28. If the Defendant were to have decided that **VITANZA**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

29. The Defendant denied **VITANZA**'s request for FMLA leave that he was entitled to take.

30. In fact, the Defendant determined that **VITANZA** was eligible for leave under the FMLA and yet refused to permit him to take it, thus terminating his employment because of his need for federally protected medical leave.

31. **VITANZA** engaged in activity protected by the FMLA when he requested leave due to his serious health condition, consistently informing the Defendant of the same.

32. The Defendant knew, or should have known, that **VITANZA** was exercising his rights under the FMLA and was aware of **VITANZA**'s need for FMLA-protected absence.

33. **VITANZA** complied with all of the notice and due diligence requirements of the FMLA.

34. The Defendant was obligated, but failed, to allow **VITANZA**, an employee who requested leave that would have qualified under the FMLA, to take FMLA leave and allow him to retain his former position or an equivalent position with the same pay, benefits, and working conditions when he would return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

35. A causal connection exists between **VITANZA**'s request for what should have been FMLA-protected leave and his termination from employment with the Defendant.

36. The Defendant engaged in willful interference in violation of the FMLA by refusing to allow **VITANZA** to take intermittent FMLA leave and then terminating **VITANZA**'s employment because he engaged in activity protected by the FMLA.

37. As a result of the above-described violations of FMLA, **VITANZA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

38. The Plaintiff hereby incorporates by reference Paragraphs 1-23 and 25-37 in this Count by reference as though fully set forth below.

39. **VITANZA** informed the Defendant of his likely need for leave for his own serious health condition.

40. **VITANZA** engaged in activity protected by the FMLA when he requested leave due to his serious health condition, consistently informing the Defendant of the same.

41. The Defendant knew, or should have known, that **VITANZA** was exercising his rights under the FMLA and was aware of **VITANZA**'s need for FMLA-protected absence.

42. A causal connection exists between **VITANZA**'s request for FMLA-protected leave and his termination from employment with the Defendant.

43. The Defendant engaged in willful retaliation in violation of the FMLA by terminating **VITANZA**'s employment because he engaged in activity protected by the FMLA.

44. As a result of the above-described violations of FMLA, **VITANZA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT IV – UNLAWFUL RETALIATION AND WRONGFUL DISCHARGE UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

45. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

46. On February 12, 2013, **VITANZA** was injured on the job and required medical treatment.

47. **VITANZA** promptly reported the worker's compensation injury to the Defendant and a worker's compensation claim was filed.

48. **VITANZA** needed surgery to repair his worker's compensation injury and he informed the Defendant of his need for the same.

49. Immediately thereafter, the Defendant denied **VITANZA**'s request for medical leave for his workplace injury and terminated him as a direct result of the same.

50. Prior to his worker's compensation injury, **VITANZA** had received consistently good performance reviews and had not been subjected to discipline.

51. **VITANZA**'s filing of a worker's compensation claim, workplace injury and need for leave to have surgery for his workplace injury are the direct and proximate causes of the Defendant's termination of his employment.

52. As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.105, **VITANZA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CHRISTOPHER VITANZA**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: March 17, 2015

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com